IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br> v. <br><br> PARAMOUNT CONVENTION SERVICES, INC., a Missouri corporation, <br><br> *Defendant*. | Case No. 21-cv-04902 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Charles A. Whobrey, as Trustee, allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of Subchapter I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1191. Plaintiffs seek to recover employer contributions owed to Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund") (collectively, the "Funds") by Defendant Paramount Convention Services, Inc. in accordance with the applicable collective bargaining agreements, participation agreements, and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Funds are "employee benefit plans" as that term is defined in ERISA and are administered at their exclusive place of business in Chicago, Illinois. Venue is proper in this Court under 29 U.S.C. § 1132(e)(2) because an action under Title I of ERISA may be brought in the district court where a plan is administered—in this case, the Northern District of Illinois. Venue is also proper in this Court pursuant to the forum selection clauses contained in the Funds' Trust Agreements, which designate this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road, Chicago, Illinois 60631.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. The Health Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road, Chicago, Illinois 60631.

7. The Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of

providing health and welfare benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses of the Health Fund.

8. Plaintiff Charles A. Whobrey is a present trustee and "fiduciary" of the Funds, as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Funds and their participants and beneficiaries in his capacity as a trustee and fiduciary.

9. Defendant Paramount Convention Services, Inc. ("Paramount") is a corporation organized under the laws of the State of Missouri. Paramount is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

10. Local Union No. 600 ("Local 600") of the IBT is a labor organization that represents, for the purpose of collective bargaining, employees of Paramount and employees of other employers in industries affecting interstate commerce.

11. During all relevant times, Paramount and Local 600 have been parties to a collective bargaining agreement pursuant to which Paramount has been required to make contributions to the Funds on behalf of certain covered employees.

12. Paramount and Local 600 are also parties to a participation agreement that requires Paramount to pay contributions to the Funds.

13. Local Union No. 299 ("Local 299") of the IBT is a labor organization that represents, for the purpose of collective bargaining, employees of Paramount and employees of other employers in industries affecting interstate commerce.

14. During all relevant times, Paramount and Local 299 have been parties to a collective bargaining agreement pursuant to which Paramount has been required to make contributions to the Funds on behalf of certain covered employees.

15. Paramount and Local 299 are also parties to a participation agreement that requires Paramount to pay contributions to the Funds.

16. Paramount agreed to be bound by the terms of the Pension Fund's Trust Agreement and the Health Fund's Trust Agreement (collectively, the "Trust Agreements") and all rules and regulations promulgated by the Trustees under those Trust Agreements.

17. Under Article III, Section I of each of the Trust Agreements, Paramount was required to "remit continuing and prompt Employer Contributions to the [Funds] as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Fund[s] as established and interpreted by the Trustees in accordance with their authority . . . ."

18. Article XIV, Section 4 of the Pension Fund Trust Agreement provides, in part, as follows:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). The prejudgment interest payable by an employer with respect to past due withdrawal liability shall be

computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually. The interest rate after entry of a judgment against an employer for withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, and such interest shall be compounded annually.

19. The Health Fund Trust Agreement contains a provision that is similar in all material respects to the provision of the Pension Fund Trust Agreement quoted in the above paragraph 18.

20. The Funds rely upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Funds bill the employers for contributions.

21. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Funds on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Funds rely upon these reports submitted by employers to prepare a monthly contributions bill that is sent to

the employer. If no changes are reported by the employer, the Funds assume that the same employees are still working and bill the employer accordingly.

22. Pursuant to the terms of the applicable collective bargaining agreement(s) and Participation Agreement(s) between Paramount, Local 600 and the Funds, Paramount was required to make pension contributions on behalf of its "casual" employees, and both pension and health and welfare contributions on behalf of its "regular" employees.

## **STATUTORY AUTHORITY**

23. Section 515 of ERISA, 29 U.S.C. § 1145, provides as follows:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides as follows:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—

    (A)    the unpaid contributions,

    (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of—

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

## COUNT I- AUDIT FINDINGS

25. Paragraphs 1 through 24 are incorporated and restated as though fully set forth herein.

26. Count I is brought on behalf of both Funds.

27. Pursuant to the Trust Agreements, the Funds are permitted to audit work history records of participating employers in order to verify the accuracy and completeness of the reported employee work history submitted as part of the self-reporting system.

28. The Funds conducted an audit of Paramount's records (the "Audit") for the period of December 30, 2012 through December 30, 2017 (the "Audited Period").

29. The Audit revealed that Paramount failed to accurately report the work history of certain of its employees and as a result, failed to pay all of the contributions and interest owed to the Funds for the Audited Period. As a result, the Funds determined that Paramount owes additional contributions for the Audited Period totaling $31,344.40, which amount consists of: (a) delinquent health and welfare contributions in the principal amount of $5,838.60; and (b) delinquent pension contributions in the principal amount of $25,505.80 which are past due (the "Audit Findings"). Interest continues to accrue on the Audit Findings.

30. Under the Trust Agreements, employers who fail to pay amounts revealed to be owed by an audit are required to pay all costs incurred in connection with the audit. Because Paramount has failed to pay all amounts revealed to be owed under the Audit, Paramount owes

$18,506.25 in related costs for the Audit, which amount is owed in addition to the amounts identified and sought by the Funds in paragraph 29.

31. By failing to pay the contributions, interest and other amounts alleged in paragraphs 29 - 30, Paramount has breached the provisions of ERISA, the collective bargaining agreement(s), the Participation Agreement(s) and the Trust Agreement(s).

32. Despite demands that Paramount perform its statutory and contractual obligations with respect to making contributions to the Funds, Paramount has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 29 - 30.

**WHEREFORE**, Plaintiffs request the following relief against Paramount:

(a) A judgment against Paramount in favor of the Funds, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) all unpaid contributions owed to the Pension Fund by Paramount;

    (ii) all unpaid contributions owed to the Health Fund by Paramount;

    (iii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iv) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

    (v) all unpaid audit fees and costs; and

    (vi) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

**COUNT II- DELINQUENT CONTRIBUTIONS ON BEHALF OF CHERYL JACKSON**

33. Paragraphs 1 through 32 are incorporated and restated as though fully set forth herein.

34. Count II is brought on behalf of the Health Fund.

35. Cheryl Jackson ("Cheryl") is an employee of Paramount and is represented by Local 600.

36. Paramount reported Cheryl as a "casual" employee to the Funds during all relevant times. However, the Audit revealed that Cheryl was a regular employee for the period of December 30, 2012 through present pursuant to the terms of Paramount's collective bargaining agreement(s) with Local 600 and the Participation Agreement(s) because (1) she works more than on a "sporadic" basis; (2) her pay rate and hours worked are well in excess of other casual employees; and (3) she is entitled to and receives additional benefits that are not provided for any other casual employee.

37. Based upon the results of the Audit, the Health Fund believes that Paramount was obligated to remit health and welfare contributions on Cheryl's behalf for the period of December 30, 2012 through present. As such, health and welfare contributions on Cheryl's behalf for the

period of December 30, 2012 through present are past due and owing to the Health Fund in the principal amount of $58,781.00.

38. By failing to pay the contributions identified in paragraph 37, Paramount has breached the provisions of ERISA, the collective bargaining agreement(s), the Participation Agreement(s) and the Trust Agreement.

39. Despite demands that Paramount perform its statutory and contractual obligations with respect to making contributions to the Funds, Paramount has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 36 - 37.

**WHEREFORE**, Plaintiffs request the following relief against Paramount:

(a) A judgment against Paramount in favor of the Funds, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

   (i) all unpaid contributions owed to the Health Fund by Paramount;

   (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

   (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions;

   (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which

the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

    (c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Kevin M. Kleine*
Kevin M. Kleine, Esq.
(ARDC #6333900)
Central States Funds
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2574
kkleine@centralstatesfunds.org
*Attorney for Plaintiffs*

September 15, 2021